UNITED STATES of America

v.

Michael BAKER.

Crim. No. 90–00432.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1991.

Frank R. Costello, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

John A. Harris, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendant's motion to suppress physical evidence. A hearing on this motion was held before the court in Easton, Pennsylvania, on January 11, 1991. After due consideration of the briefs filed by the parties, testimony given at the hearing, and the applicable law, we believe that defendant's motion must be denied.

On the evening of May 15, 1989, Philadelphia Police Officers George Pirrone and Francis Lowry were on routine patrol in the area near the intersection of 18th & Norris Streets in Philadelphia. That evening, at approximately 7:00 p.m., Officer Pirrone observed a red Lincoln Continental travelling north on 18th Street disregard the stop sign at that intersection. For this reason, he and his partner pulled over the Continental. The defendant stepped out of the car and started walking towards the officers. The officers walked the defendant back to his car and asked him questions regarding his license and registration while he was standing outside the vehicle. Officer Pirrone was standing near the defendant next to the driver's side of the car at the time. Bending down, Officer Pirrone noticed that the bottom of the rear seat was pulled forward approximately six inches and observed the handle of a firearm sticking up between the bottom and back of the rear seat. Because the automobile had tinted windows, Officer Pirrone used a flashlight to make this observation. Officer Pirrone then seized the firearm and identified it as an Uzi pistol. At that time, he was unable to determine whether the weapon was an automatic or semi-automatic firearm. A magazine loaded with live rounds was found next to the Uzi. The defendant never produced a permit or told the officers he had a permit to carry this firearm. Defendant was placed under arrest for a state firearm violation.

Because a crowd had begun to gather, the defendant was placed in the officers' patrol vehicle. Officer Lowry, Officer Pirrone's partner, subsequently performed a search of the passenger compartment of the defendant's vehicle incident to his arrest. While conducting this search, Officer Lowry searched under the front seat and found a brown paper bag containing 84 vials of crack cocaine.

The defendant argues that the firearm and drugs were recovered from his automobile as a result of searches for which sufficient probable cause did not exist. He testified that he did not commit any traffic violation and that Officer Pirrone himself pulled apart the back seat and only then discovered the gun. We believe that the gun and the drugs were lawfully seized by the arresting officers. Accordingly, the defendant's contention is without merit.

A law enforcement officer is entitled to observe the inside of a vehicle from a lawful vantage point. *Texas v. Brown*, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983). Officer Pirrone stopped the defendant's automobile after he observed the defendant disregard a stop sign. Thus, the initial stop of the defendant was proper. Officer Pirrone was standing next to the driver's side of the defendant's car, attempting to obtain information concerning the defendant's license and registration, when he observed the Uzi in the back seat of the defendant's car. His use of a flashlight to assist him in this

observation does not affect the nature of this lawful observation. A visual inspection by a law enforcement officer from a vantage point where the officer had a right to be does not constitute a search for the purposes of the Fourth Amendment, even when aided by means such as a flashlight. *See Brown,* 460 U.S. at 740, 103 S.Ct. at 1542; *United States v. White,* 871 F.2d 41 (6th Cir.1989) (use of flashlights to aid observations into interior of defendant's car did not convert officer's lawful observations into activity protected by the Fourth Amendment). Thus, the observation of the firearm sticking out of the rear seat of the defendant's automobile by Officer Pirrone was not a search for which probable cause was required. Therefore, the observation and subsequent seizure of the firearm was proper.

Law enforcement officers may search the passenger compartment of an automobile contemporaneously to the lawful custodial arrest of the occupant of that automobile. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The officers may also examine the contents of any containers discovered in the passenger compartment of the automobile as the result of this search. *Id.* It is of no consequence that the defendant was in custody in a police vehicle at the time the search was conducted. As long as the search incident to arrest is conducted soon after the defendant's arrest, it is not necessary that the defendant be in the immediate vicinity of the automobile during the search. *See White,* 871 F.2d at 44 (search of automobile incident to arrest which was conducted while defendant was handcuffed in police car was lawful pursuant to *Belton,* 453 U.S. 454, 101 S.Ct. 2860). *See also United States v. Karlin,* 852 F.2d 968 (7th Cir.1988), *cert. denied,* 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989). Because the drugs were recovered from the defendant's automobile pursuant to a search incident and contemporaneous to his lawful arrest, as described above, the recovery of the 84 vials of crack cocaine from the passenger compartment of the car was proper.

The Uzi semi-automatic pistol and 84 vials of crack cocaine were lawfully seized from defendant's automobile and are admissible in evidence against him. For all the reasons stated above, the defendant's motion to suppress physical evidence is hereby denied.